## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

Andrey F. Sakalosh,          )
                            )
        Plaintiff,        )
                            )    C.A. No. 7:20-cv-4306-TMC-KFM
        v.               )
                            )    **ORDER**
BMW Manufacturing Co., LLC,  )
                            )
        Defendant.      )
                            )

On December 11, 2020, Plaintiff Andrey F. Sakalosh, proceeding *pro se*, brought this action against his former employer, Defendant BMW Manufacturing Co., LLC ("BMW"), asserting claims for national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and disability discrimination in violation of the Americans with Disabilities Act ("ADA"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Subsequently, BMW filed a motion for partial dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 16), and Plaintiff filed a response in opposition to the motion for partial dismissal, (ECF No. 24). BMW then submitted a reply, (ECF No. 27), in response to which Plaintiff submitted a sur-reply, (ECF No. 28).

On June 17, 2021, the magistrate judge issued a Report and Recommendation ( "Report") recommending that BMW's motion to partially dismiss the Complaint be granted in part and denied in part. (ECF No. 31 at 9). Plaintiff filed objections to the Report on June 28, 2021, (ECF No. 34), to which BMW filed a reply, (ECF No. 40).

## I. Factual and Procedural Background

According to the allegations in the Complaint, Plaintiff was employed by BMW from 2015 until October 9, 2019, as an Associate Robot Tech. (ECF Nos. 1 at 5; 1-1 at 2; 1-2 at 3). Plaintiff, a native of Ukraine, claims BMW discriminated against him on account of his national origin, alleging his supervisor "complained about [his] accent," (ECF Nos. 1 at 5; 1-1 at 5), and that other employees made negative comments about or made light of his accent, (ECF No. 1-1 at 2–7). Plaintiff further alleges that BMW engaged in retaliatory conduct as a result of his statements to BMW HR representatives that he believed he had been subjected to discrimination and intended to file EEOC charges. (ECF Nos. 1 at 6; 1-1 at 5). Finally, with respect to his ADA claim, Plaintiff alleges he "disclosed to BMW [his] probable disability arising from [an] injury to [his] lower back." (ECF No. 1 at 5).

In July 2020, Plaintiff presented a standard EEOC form Charge of Discrimination to the South Carolina Human Affairs Commission ("SCHAC"), alleging, in pertinent part, as follows:

> On September 27, 2019, I was told by Jeff Bart, Manager
> . . . that I do not have [a Greer, S.C.] accent after my
> coworker told me that she hated my accent. I complained
> to human resources and told them I was going to complain
> to the EEOC. My coworker falsely accused me [of]
> yelling at her and pushing her and I was sent home pending
> [an] investigation . . . . On October 9, 2019, I was
> discharged. There was no proof that I did so and I even
> provided medical proof that I would have hurt myself if I
> pushed her [due] to my medical condition. I appealed my
> discharge but it was upheld on October 23, 2019.
>
> I believe I have been discriminated against in violation of
> Title VII . . . due to my nation[al] origin, European.

(ECF No. 1-2 at 3). On the form, Plaintiff checked the box indicating that his charge

of discrimination was based on his national origin; Plaintiff did not check disability

discrimination as a basis for his charge. *Id*. On September 14, 2020, the EEOC

adopted the findings of the SCHAC, dismissed Plaintiff's charge, and issued a right-

to-sue notice. *Id*. at 1.

On December 11, 2020, as already noted, Plaintiff filed this action raising

claims for national origin discrimination in violation of Title VII, retaliation in

violation of Title VII, and disability discrimination in violation of ADA. (ECF No.

1 at 3–5). BMW subsequently filed the instant motion to dismiss two of Plaintiff's

three claims. (ECF No. 16). First, BMW argues that the court should dismiss

Plaintiff's ADA claim for failure to exhaust administrative remedies. (ECF No. 16-

1 at 4–6). Specifically, BMW contends that Plaintiff failed to allege a claim of

disability discrimination in his EEOC charge of discrimination and, therefore, is

barred from pursuing such a claim in federal court. *Id*. Second, BMW argues that

Plaintiff failed to state a viable claim of retaliation under Title VII and, therefore,

that the court should dismiss this claim as well. *Id*. at 6–7. BMW posits that

Plaintiff's retaliation claim is based on his alleged statements about EEOC claims

made to various managers at BMW during an October 23, 2019, meeting. *Id*. at 6.

Plaintiff, however, was terminated on October 9, 2019. (ECF No. 1-2 at 3). BMW

contends, therefore, that by Plaintiff's own account, his October 9 termination could

not have been in retaliation for his *subsequent* statement on October 23, 2019, that

he intended to contact the EEOC. (ECF No. 16-1 at 7).

As to Plaintiff's ADA claim, the magistrate judge determined that Plaintiff

failed to present allegations of disability discrimination in his EEOC charge:

> Based on a plain reading of the charge, the undersigned
> finds that the plaintiff did not present any allegations of
> disability discrimination, and thus, his subsequent
> disability discrimination claim in the instant matter is not
> exhausted. . . . [T]he plaintiff only checked the box for
> national origin discrimination when presented with the
> option of also checking a box for disability discrimination.
> Further, in the "particulars" section, the plaintiff described
> his complaint to the defendant's human resources
> department due to comments about his accent; his
> termination due to a coworker accusing him of yelling at
> her and pushing her despite a lack of "proof"; and a
> conclusory statement that, in light of the above claims, he
> believed that he was discriminated against "due to [his]
> national origin, European." Additionally, disability
> discrimination is a different type of unlawful employment
> practice than that alleged in his charge, national origin
> discrimination, a circumstance in which the Fourth Circuit

> has found no exhaustion.  Moreover, while the plaintiff
> argues that he raised the issue of disability discrimination
> in his charge because he mentioned the words "medical
> condition", he did not discuss his medical condition in the
> context of a complaint of disability discrimination.
> Rather, he made this reference in disputing his co-
> worker's allegations that he pushed her and noting that his
> medical condition would have resulted in him injuring
> himself had he actually done so.    Therefore, the
> undersigned finds that the plaintiff's allegations in his
> charge are insufficient to render his subsequent disability
> discrimination claim in federal court "reasonably related"
> to the charge.

(ECF No. 31 at 7 (internal citations omitted)).

With respect to Plaintiff's claim of retaliation, the magistrate judge noted that in a statement attached to the *pro se* Complaint, Plaintiff "alleges that on the day after a co-worker complained about him yelling at her and pushing her, which he believes was on September 27, 2019, he told two human resources representatives that he 'will go to EEOC'" and that "after he mentioned that he would go to the EEOC to the human resources representatives, he felt 'like from this point they turned against [him] in retaliation.'" (ECF No. 31 at 4).  Accordingly, the magistrate judge concluded that "the plaintiff has not admitted that he did not mention filing a complaint with the EEOC until after his employment was terminated" and recommended that the court deny BMW's motion to dismiss Plaintiff's retaliation claim. *Id*.

Plaintiff filed objections to the Report. (ECF No. 34). BMW filed a reply to Plaintiff's objections, (ECF No. 40), but did not itself object to the Report.

## II. Standards of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*,

408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id*. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*.

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

### III.  Discussion

**A. Disability Discrimination Claim**

Construing Plaintiff's objections liberally, the court discerns two apparent challenges to the magistrate judge's conclusion that Plaintiff did not present disability discrimination allegations in his EEOC charge and, therefore, failed to administratively exhaust the claim for purposes of federal litigation.  *See* (ECF No. 34); *see also* (ECF No. 31 at 7–9).  Plaintiff's main contention is that he communicated allegations of disability discrimination to the EEOC during "intake" phone calls but the EEOC failed to include these claims on the formal Charge of Discrimination.  (ECF No. 34 at 2).  Plaintiff suggests that the EEOC's alleged mishandling of his Charge of Discrimination was intentional on account of his race. *Id*. at 1–2.

The magistrate judge correctly stated the legal principles applicable to the question of exhaustion for purposes of bringing an ADA claim in federal court.  As the magistrate judge recognized, "[b]efore filing a civil action under the ADA in federal court, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC."  (ECF No. 31 at 5 (citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a))).  "The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."  *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d

954, 962–63 (4th Cir. 1996). "In determining what claims a plaintiff properly alleged before the EEOC, [courts] may look *only* to the charge filed with that agency." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013) (emphasis added). Although EEOC charges must be read liberally, courts "are not at liberty to read into administrative charges allegations they do not contain." *Id*. However, "[t]he touchstone for exhaustion" is not whether the EEOC charge and the claims asserted in the complaint are "precisely the same," but whether they are "reasonably related." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 595 (4th Cir. 2012).

Rather than challenge specific findings or conclusions in the Report, Plaintiff seeks to rely on factual allegations that are beyond the formal Charge of Discrimination. That is, Plaintiff claims he communicated to the EEOC that BMW discriminated against him on account of his alleged disability but that the EEOC, possibly harboring institutional discriminatory animus of its own, failed and refused to include his purported disability discrimination allegations in the Charge. (ECF No. 34 at 1–2). Federal courts, however, may only consider what is contained in the Charge itself and may not read into the Charge allegations that are not contained therein. *Balas*, 711 F.3d at 408. As a result, courts cannot consider *private* letters or communications between a claimant and the EEOC to bootstrap allegations not included in the Charge into a federal action. *See id*. ("We have noted that 'it would be objectively illogical to view a private letter from a complaining party to the EEOC

as constructively amending a formal charge, given that one of the purposes of

requiring a party to file charges with the EEOC is to put the charged party on notice

of the claims raised against it.'" (quoting *Sloop v. Mem'l Mission Hosp., Inc*., 198

F.3d 147, 149 (4th Cir.1999))).    Rather, "persons alleging discrimination have a

different form of recourse if they determine that their initial charge does not read as

they intended: they may . . . file an amended charge with the EEOC."    *Id*.

Accordingly, Plaintiff's claim that the EEOC failure to include disability

discrimination allegations in the Charge of Discrimination affords no basis for

reversing the magistrate judge's conclusion that Plaintiff failed to exhaust his ADA

claim.    Moreover, to the extent Plaintiff contends that the Charge of Discrimination

does, in fact, indicate that Plaintiff is asserting a disability discrimination claim, the

magistrate judge correctly rejected that argument in a thorough discussion set forth

in the Report.   (ECF No. 31 at 7).   Plaintiff's objections do not identify any error in

the magistrate judge's discussion of this issue.

Plaintiff's second objection implies that the directions for the standard *pro se*

form complaint for employment discrimination cases are ambiguous.   *Id*. at 3–4.

Specifically, Plaintiff suggests it is unclear the admonition that "[o]nly those grounds

raised in the charge filed with the [EEOC] can be considered by the federal district

court," (ECF No. 1 at 5), applies to the section asking the *pro se* plaintiff to select

checkboxes indicating the basis for the charges of discrimination, (ECF No. 34 at 3–

4). This argument is irrelevant to the basis for the magistrate judge's recommended disposition, as misleading instructions for the complaint could not cause a discrimination plaintiff to submit a deficient Charge of Discrimination, which is a prerequisite for the filing of a complaint in federal court.

Having carefully considered the Report and the materials before it, the court overrules Plaintiff's objections and adopts the magistrate judge's recommendation to grant BMW's motion to dismiss as to Plaintiff's claim for disability discrimination. (ECF No. 31 at 9).[1]

**B. Retaliation Claim**

In a detailed and thorough explanation, the magistrate judge concluded that Plaintiff's *pro se* complaint, liberally construed, contained sufficient allegations to state a claim for retaliation under Title VII. (ECF No. 31 at 3–5). BMW has not objected to the magistrate judge's findings and conclusions in this regard. Therefore, the court need only review this portion of the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

The court has carefully considered the Report and the materials presented by the parties and finds no clear error in the magistrate judge's analysis as to Plaintiff's retaliation claim. Accordingly, the court adopts the magistrate judge's

---

[1] The court has also considered Plaintiff's filing entitled "Great Concerns to be Cognizant in this Case." (ECF No. 41). Even if the court were to construe this document as a timely-filed objection to the Report, it contains noting that would alter the court's ruling in this matter.

recommendation to deny BMW's motion to dismiss as to Plaintiff's claim for retaliation.  (ECF No. 31 at 4–5).

## IV.  Conclusion

Thus, as set forth above, the court adopts the magistrate judge's Report (ECF No. 31), which is incorporated herein, and **GRANTS IN PART AND DENIES IN PART** BMW's motion for partial dismissal.  (ECF No. 16).  Plaintiff's claim for disability discrimination is hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

November 5, 2021
Anderson, South Carolina